UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| CAROL DUHON, ET UX | : | CIVIL ACTION NO. 11-cv-606 |
| VERSUS | : | JUDGE TRIMBLE |
| ST. PAUL FIRE & MARINE INS. CO., ET AL | : | MAGISTRATE JUDGE KAY |

REPORT AND RECOMMENDATION

On March 11, 2011, plaintiffs Carol Duhon and her husband, Abriel Duhon, filed a Petition for Damages on March 11, 2011, in the Thirty-Third Judicial District Court, Allen Parish, Louisiana, against St. Paul Fire and Marine Insurance Company, Capital One Financial Corporation, and D.S. Waters of America, Inc. Plaintiffs allege that on April 13, 2010, Carol Duhon was a customer at Capital One Financial Corporation when she fell as a result of water and a slippery wet floor. Capital One Financial Corporation was sued as owner of the facility and D.S. Waters of America, Inc., was sued as the provider of water to the facility. St. Paul Fire and Marine Insurance Company is alleged to be the insurer for Capital One. Carol Duhon sought damages for pain and suffering, mental anguish, medical expenses, and similar damages. Abriel Duhon sought damages for loss of consortium of his wife. See generally Doc. 1, Att. 1. Defendants removed the action to this court on April 14, 2011, alleging diversity of citizenship under 28 U.S.C. § 1441(a) as their basis for jurisdiction with this Court. Doc. 1.

Plaintiffs' original counsel moved to withdraw on July 20, 2011. Doc. 9. On September 23, 2011, this court set the motion for hearing and instructed that the two

plaintiffs were to participate personally in the telephone conference scheduled to hear the motion. Doc. 11. That hearing was held October 4, 2011, and counsel was allowed to withdraw once the plaintiffs' personal participation was secured and at that time the court explained to the now *pro se* plaintiffs their responsibilities with understanding rules and procedures in this court and their responsibility to notify the clerk of any change of contact information. Doc. 12.

Shortly after the referenced telephone conference chambers was contacted by counsel for defendants expressing a concern about developments in this matter. The court fixed a Status Conference for November 7, 2011, at 9:30 a.m. by telephone. Doc. 13. The minutes of that proceeding show that defense counsel informed the court that each has spoken separately with *pro se* plaintiff Carol Duhon who told them that the accident forming the basis of this accident was fraudulent, that she slipped intentionally and at the direction of her husband, Abriel Duhon. Doc. 14. The court specifically asked Carol Duhon if she had said this to counsel and she acknowledged she had. *Id.* An evidentiary hearing was then scheduled for December 6, 2011, and both plaintiffs were advised that they would be questioned under oath about the information provided by Mrs. Duhon to counsel and they were advised to seek counseling from attorney before the evidentiary hearing to discuss any criminal ramifications that may result from what has happened in this litigation thus far and what ramifications might result from being questioned under oath about that activity. *Id.*

The hearing was held December 6, 2011, as scheduled and both *pro se* plaintiffs were present. Carol Duhon appeared without counsel. She acknowledged to the court that she had been advised by the court previously to seek advice from an attorney and that

she had made one phone call to an attorney in Oberlin, Louisiana, who said he could not represent her. The court explained to Carol Duhon her right to invoke her Fifth Amendment privileges if she were asked any questions that she felt may implicate her in criminal activity. Thereafter Carol Duhon was sworn in and took the stand.

Carol Duhon testified before the undersigned that she had in fact informed counsel for defendants that the accident forming the basis of this lawsuit was fraudulent but claimed under oath in court that the information given to counsel was incorrect. Carol Duhon admitted under oath today that she lied to the court in the telephone conference held November 7, 2011, when she informed the undersigned that the accident forming the basis of this lawsuit was indeed fraudulent.[1]

In the course of examination plaintiff indicated she wished to dismiss this matter. Abriel Duhon also indicated to the undersigned that he wished to dismiss this matter. Treating each request as an oral motion to dismiss, it is recommended that this motion by these *pro se* plaintiffs be GRANTED.

Under the provisions of 28 U.S.C. Â636 and Fed.R.Civ.Proc. 72, parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another partyâs objections within fourteen (14) days after being served with a copy thereof.

---

[1] A separate document entitled "Certification of Facts" is filed today pursuant to 28 U.S.C. § 636(6). Through this document the undersigned offers that certification to the district court to consider what further action, if any, should be taken against this litigant who, in the opinion of the undersigned, behaved in a manner that constitutes obstruction of the administration of justice, either by being untruthful with the magistrate judge on November 7, 2011, or being untruthful with the magistrate judge on December 6, 2011. Whether any further action should be taken with respect to this litigant is left to the sole and sound discretion of the district court.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.**

THUS DONE AND SIGNED in Chambers this 6th day of December, 2011.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE